U.S. v. Khan

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of February, two thousand nineteen.

PRESENT:  DENNIS JACOBS,
               ROBERT D. SACK,
               DENNY CHIN,
                   <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

     <u>Appellee</u>,

     -v.-                                   17-3287

NICHOLAS KHAN AKA NETTI,

     <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - - -X

FOR DEFENDANT-APPELLANT:      John C. Meringolo, Meringolo &
                              Associates, P.C., Brooklyn, NY; Clara
                              Kalhous, New York, NY.


FOR APPELLEE:                 Rajit S. Dosanjh, Assistant United
                              States Attorney, <u>for</u> Grant C. Jaquith,
                              United States Attorney for the
                              Northern District of New York,
                              Syracuse, NY.


Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, <u>J.</u>).


**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.


Khan was convicted following a jury trial in the Northern District of New York (McAvoy, <u>J.</u>) on four counts of drug distribution resulting from sales of crack cocaine on four separate days in 2013. The district court entered a preliminary order of forfeiture in the amount of $4,550 and sentenced Khan to 92 months' imprisonment for each count, to run concurrently. The court ordered the 92-month sentence to run consecutively to Khan's state sentence of 25 years to life from his prior conviction in Schenectady County Court for a November 13, 2013 murder. In that case, Khan was convicted of killing a man who had pistol-whipped Khan and stolen his car after soliciting him for marijuana. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.


**1.** Khan challenges the consecutive feature of the sentences, arguing that the murder should be considered part of the same relevant conduct as the drug distribution. The United States Sentencing Guidelines (the "Sentencing Guidelines") provide that a district court "shall" order a sentence "to run concurrently to the remainder of the undischarged term of imprisonment" for

"another offense that is relevant conduct to the instant offense of conviction." U.S.S.G. § 5G1.3(b)(2). Otherwise, the court has discretion to impose a sentence "to run concurrently, partially concurrently, or consecutively" to the undischarged term of imprisonment. Id. § 5G1.3(d).

Khan concedes that he neither made this argument at sentencing nor objected to the pre-sentence report, which cited only U.S.S.G. § 5G1.3(d) as relevant in the discussion of sentencing options. Accordingly, we review the district court's sentence for plain error. See United States v. Parse, 789 F.3d 83, 119–20 (2d Cir. 2015).

The murder is not relevant conduct to the sales of crack cocaine. Principally, the murder does not satisfy § 1B1.3(a)(1) because it did not occur "during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." The November 13, 2013 murder was committed seven weeks after the last of the four drug sales and did not arise from any of those sales.

Nor can the murder be considered "part of the same course of conduct or common scheme or plan as the offense of conviction" as specified by § 1B1.3(a)(2).[1] The murder was an act of revenge against an individual posing as a marijuana customer who stole marijuana and Khan's car, and had no relation to the four drug distribution charges.

---

[1] Section 1B1.3(a)(2) applies "with respect to offenses for which section 3D1.2(d) would require grouping of multiples counts." But section 3D1.2(d), which applies to quantifiable offenses (whose "offense level is determined largely on the basis of the total amount of harm or loss"), is inapplicable to murder. Accordingly, Khan's argument suggests the question of whether section 1B1.3(a)(2) applies when the offense of conviction, but not the relevant conduct, is groupable under section 3D1.2(d)–a question unresolved in this Circuit. We need not resolve this issue since, even presuming it is groupable, Khan's murder conviction is not conduct relevant to his drug trafficking crimes.

3

Finally, the murder conviction does not fall within U.S.S.G. § 1B1.3(a)(3) because the murder did not result from Khan's distribution of crack cocaine or conduct relevant to those crimes.

**2.** Khan argues that his sentence was procedurally and substantively unreasonable. The district court added 3 points to Khan's criminal history score for his state-court murder conviction, bringing Khan's criminal history category to V. The court then calculated an offense level of 24 (resulting in a Sentencing Guidelines range of 92–115 months) and sentenced Khan to the bottom of the range. When ordering that the sentence run consecutively to the state-court murder conviction, the court cited U.S.S.G. § 5G1.3(d), which provides that a sentence may be imposed "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

Khan did not object to the Sentencing Guidelines calculation at sentencing, and so we review that calculation for plain error. See United States v. Ubiera, 486 F.3d 71, 74 (2d Cir. 2007). For the reasons set forth above, the district court did not err, plainly or otherwise, by adding 3 points to Khan's criminal history score for his murder conviction.

Because the district court calculated Khan's Sentencing Guidelines range correctly, we examine the substantive reasonableness of its sentence for abuse of discretion and reverse only if the sentence "cannot be located within the range of permissible decisions." United States v. Oehne, 698 F.3d 119, 124 (2d Cir. 2012). "Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings." Setser v. United States, 566 U.S. 231, 236 (2012) (internal citations omitted).

Khan's primary argument on substantive unreasonableness is that the district court ordered his sentence to run consecutively to his state murder

sentence. To the extent Khan relies on the proposition that the murder was related to his narcotics offense, his argument fails for the reasons set forth above. Nor is there an abuse of discretion. First, 18 U.S.C. § 3584(a) creates a presumption that "multiple terms of imprisonment imposed at different times run consecutively," and Sentencing Guidelines commentary suggests that courts should consider whether a prior sentence was imposed by a state court when determining whether to impose a concurrent or consecutive sentence. U.S.S.G. § 5G1.3 cmt. N.4(A)(iv). Second, the court considered the argument that the drug distribution sentence should run concurrently in whole or in part, and observed, "I don't think that makes a lot of sense." J. App'x 353. The court did, however, consider that, in aggregate, Khan was facing "a lot of time," id., and sentenced him at the bottom of the Sentencing Guidelines range "considering the time you have to do," id. at 354. Third, the court's sentence is "within the range of permissible decisions," Oehne, 698 F.3d at 124, particularly in light of the finding that Khan poses a "significant danger" to the public. J. App'x 353.

**3.** Khan next contends that the court abused its discretion by denying his request for new counsel on the first day of trial. Khan was originally represented by the Federal Public Defenders, but was appointed new counsel, Robert Knightly, at his request on December 9, 2015. On June 8, 2016, Knightly sent Khan a letter memorializing a conversation he had with Khan the prior day when visiting Khan in jail. The letter details the "overwhelming" evidence against Khan and urges him to plead guilty because he has no viable defense. Gov't App'x 3. The letter also explains the weaknesses of arguments raised by Khan, including that the federal government lacks jurisdiction over crimes that occur in Schenectady, New York; that the government entrapped Khan; and that a cellphone wiretap warrant that Khan believed played a role in his state case was defective.

Khan sent a letter dated June 21, 2016, to Judge McAvoy, requesting new counsel, accusing Knightly of ethical lapses, and attaching Knightly's June 8 letter. The letter was not docketed until June 27, 2016, the first day of Khan's trial. J. App'x 6, Doc. No. 38. That same day, before the jury was brought in,

5

Khan made a motion for new counsel, which resulted in a short colloquy wherein Khan claimed that he had a conflict of interest with Knightly, that Knightly told him there is no defense available to him, and that Knightly was not prepared to go to trial. Judge McAvoy denied the motion "because we are here on the day of trial. We've got the jurors here. We're ready to go forward." J. App'x 37.

We review a denial of a defendant's motion to substitute counsel for abuse of discretion, examining four factors: (1) whether the defendant's motion for new counsel was timely; (2) whether the district court made an adequate inquiry; (3) whether the conflict between defendant and attorney "was so great that it resulted in a total lack of communication preventing an adequate defense"; and (4) "whether the defendant substantially and unjustifiably contributed to the breakdown in communication." United States v. John Doe No. 1, 272 F.3d 116, 122–23 (2d Cir. 2001) (internal citation and quotation marks omitted). "[I]f the reasons proffered are insubstantial and the defendant receives competent representation from counsel, a court's failure to inquire sufficiently or to inquire at all constitutes harmless error." Id. at 123.

The denial of Khan's motion for new counsel was not an abuse of discretion. The motion was untimely, not only because it was made on the first day of trial, but also because Khan could have made the motion sooner than his June 21 letter. The district court's limited inquiry was appropriate in light of Khan's meritless arguments (Khan acknowledges that his arguments had "no cognizable basis in the law," Appellant's Br. 29) and Knightly's competent representation (Khan acknowledges that Knightly "effectively represented Khan and thoroughly cross-examined each of the witnesses who testified against him," id. at 27). There is no evidence that the conflict prevented an adequate defense, and Khan undeniably contributed to the breakdown by insisting on frivolous arguments.

**4.** Khan's final argument is that the court's preliminary order of forfeiture violated the Supreme Court's holding in Honeycutt v. United States that a

6

defendant may not be held jointly and severally liable "for property that his co-conspirator derived from the crime but that the defendant himself did not acquire." 137 S. Ct. 1626, 1630 (2017). Because Khan did not object to the forfeiture amount at the time of his sentencing, we review for plain error. See United States v. Uddin, 551 F.3d 176, 181 (2d Cir. 2009).[2]

Honeycutt's limitation on forfeiture orders does not apply here because there is no conspiracy charge, no joint and several liability, and Khan was ordered to pay only proceeds he himself acquired. Khan argues that he passed along some or all of these proceeds to a superior, but the forfeiture statute for drug crimes is not limited to *profits* from those crimes; rather, it extends to "any property constituting, or derived from, any *proceeds* the person obtained, directly or indirectly, as the result of" the crime of conviction. 21 U.S.C. § 853(a)(1) (emphasis added); see also United States v. Roberts, 660 F.3d 149, 166 (2d Cir. 2011) (affirming calculation of forfeiture by multiplying the amount of smuggled drugs by their estimated street value).

We have considered all of Khan's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] The government raises the issue of which party bears the burden of persuasion as to prejudice–the fourth prong of the plain error review standard–in this context, where a supervening decision altered settled law. Because the plain error standard was not satisfied in any event, we need not resolve this issue.